IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAHEALANI VENTURA, #13663-022,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 22-00501 LEK-WRP<br><br>**DISMISSAL ORDER** |

## DISMISSAL ORDER

On November 30, 2022, the Court received from pro se Petitioner Mahealani Ventura ("Ventura") a "Petition for a Writ of Habeas Corpus 28 U.S.C. 2241 Seeking an Order Directing Bureau of Prisons/FDC Honolulu to Apply First Step Act Time Credits" ("Petition"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the following reasons, the Petition is DISMISSED without leave to amend.

### I. BACKGROUND

On February 24, 2022, Ventura admitted to eight violations of her conditions of supervised release. *See* Minutes, *United States v. Ventura-Oliver*, Cr. No. 11-00503 JMS-1 (D. Hawaii Feb. 24, 2022), ECF No. 478. On April 25, 2022,

Ventura also admitted to a ninth violation.  *See* Minutes, *Ventura-Oliver*, Cr. No. 11-00503 JMS-1 (D. Hawaii Apr. 25, 2022), ECF No. 495.  On the same day, the Court revoked Ventura's supervised release and sentenced her to twelve months' imprisonment on each of nineteen counts, with the terms of imprisonment to be served concurrently.  *Id.* at 1.  The Court also sentenced Ventura to twenty-four months' supervised release on each of nineteen counts, to be served concurrently.  *Id.* at 2.

Ventura is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu").  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number" tab; enter "13663-022" in "Number" field; and select "Search") (last visited Jan. 12, 2023).  The BOP's inmate locator reflects that Ventura's projected release date is April 11, 2023.  *Id.*

The Court received the Petition on November 30, 2022, ECF No. 1, and the associated filing fee on January 10, 2023, ECF No. 3.  In the Petition, Ventura asks the Court to order the BOP to apply good time credits toward her sentence pursuant to the First Step Act.  ECF No. 1 at 1.

## II.  SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court." *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *see Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

### III.  DISCUSSION

**A.  Habeas Petitions Under 28 U.S.C. § 2241**

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Good Time Credits**

Ventura asks the Court to order the BOP to apply good time credits toward her sentence pursuant to the First Step Act. ECF No. 1 at 1.

The award of good time credits for federal prisoners is governed by 18 U.S.C. § 3624(b)(1). That section states that a prisoner who is serving "a term of imprisonment of more than 1 year," but less than life, "may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court," subject to the BOP's determination that, "during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1).

"Until recently, although the statute provided that prisoners could earn 'up to 54 days' each year for exemplary compliance, the BOP used a calculation that allowed a maximum of only 47 days." *Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019). After the enactment of the First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1), 132 Stat. 5194, 5210, however, the BOP is required to permit up to fifty-four days of good time credit per year. *Bottinelli*, 929 F.3d at 1197.

Here, to the extent Ventura asks the Court to order the BOP to apply good time credits toward her sentence, she is not eligible for credit under 18 U.S.C. § 3624(b)(1). As noted, *supra*, "[a] federal prisoner who is serving *more than a one-year term of imprisonment* may earn good time credit toward his or her sentence[.]" *Bottinelli*, 929 F.3d at 1197 (emphases added). In other words, a prisoner is eligible for good time credits only if she is serving a sentence of twelve

months and a day or more. *See United States v. Ko*, No. 93 CR. 521 CSH, 1999 WL 1216730, at *1 (S.D.N.Y. Dec. 20, 1999) (noting that defendant was sentenced to a period of incarceration of one year and a day, and stating that "the additional day was added to [defendant's] sentence for his benefit, since it made him eligible for a 'good time' credit of up to 54 days per year under 18 U.S.C. § 3624(b)(1), which applies only to 'a prisoner who is serving a term of imprisonment of *more than 1 year*'"); *Terry v. United States*, Civ. Case No. 4:21-cv-04109-SLC & Criminal Case No. 4:17-cr-40080-SLD-q, 2021 WL 4236864, at *2 (C.D. Ill. Sept. 16, 2021) ("Should [the prisoner] have been sentenced to twelve months and two days, then, she may have benefited from [18 U.S.C. § 3624(b)(1)] and be looking at a release date of up to 54 days earlier than scheduled."), *certificate of appealability denied*, No. 21-2851, 2022 WL 9681683 (7th Cir. May 25, 2022). A prisoner serving a sentence of exactly twelve months or less is not eligible for credit under 18 U.S.C. § 3624(b)(1). *See United States v. Otero*, No. CR 11-2425 JB, 2012 WL 3656493, at *4 n.3 (D.N.M. Aug. 22, 2012) ("Because [defendant's] sentence will be less than twelve months and one day, he will not receive good-time credit.").

Ventura was sentenced to exactly twelve months' incarceration. *See* Minutes, Ventura-Oliver, Cr. No. 11-00503 JMS-1 (D. Hawaii Apr. 25, 2022), ECF No. 495. Ventura acknowledges this fact. *See* ECF No. 1 at 2 ("Petitioner

has been sentenced on a violation to a term of 12 month imprisonment[.]"). Thus, Ventura is ineligible for good time credits under 18 U.S.C. § 3624(b)(1). The Petition is therefore DISMISSED without leave to amend.

## IV.  CONCLUSION

(1) The "Petition for a Writ of Habeas Corpus 28 U.S.C. 2241 Seeking an Order Directing Bureau of Prisons/FDC Honolulu to Apply First Step Act Time Credits" is DISMISSED without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 12, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MAHEALANI VENTURA VS. UNITED STATES OF AMERICA; CV 22-00501 LEK-WRP; DISMISSAL ORDER**